UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| RICHARD A. SCHUKNECHT,<br><br>     Plaintiff,<br><br>   v.<br><br>S. FINCH, Yakima Police Lt. #3622;<br>L. GEORGE, Yakima Police Sgt. #3034;<br>and CITY OF YAKIMA,<br><br>     Defendant. | NO.  1:14-CV-3017-SAB<br><br>**ORDER GRANTING SUMMARY JUDGMENT** |

  Plaintiff Richard Schuknecht was an Officer with the Yakima Police Department (YPD) for twenty-six years. In August 2010, Schuknecht's wife of twenty years, Theresa (now Theresa Hahn-Campbell), informed Schuknecht that she wanted to separate. Shortly thereafter, Schuknecht learned that his estranged wife was in a romantic relationship with Ed Campbell. Campbell was the Director of the Yakima County Department of Corrections and was Theresa's supervisor. After his wife left, Schuknecht was hospitalized for depression and diagnosed with bipolar disorder.

  In October 2011, Schuknecht received word that a judge had ruled against him concerning a property settlement agreement pertaining to the divorce. Several of Schuknecht's co-workers reported to Lieutenant Steve Finch, Schuknecht's supervisor, that Schuknecht had repeatedly made threatening statements

**ORDER GRANTING SUMMARY JUDGMENT** ~ 1

describing his desire to injure or kill Theresa and Ed Campbell. Lt. Finch placed Schuknecht on administrative leave and notified Theresa of the threats. Theresa obtained a temporary protection order against Schuknecht a few days later. The order prevented, among other things, Schuknecht from coming within 1,000 feet of Theresa or her residence at 310 N. 66th Avenue in Yakima—the house Schuknecht and Theresa had shared until the prior year.

On November 27, Schuknecht drove his and Theresa's daughter to Pullman, Washington. She left her Suzuki Sidekick in Schuknecht's possession. The Suzuki may have contained some of Schuknecht's belongings because Theresa was moving out of the house on 66th Avenue and had to empty it of items Schuknecht had left when he moved out. Schuknecht states that he returned from Pullman in the early hours of the 28th, around 3 or 4 a.m. At about 9:30 a.m., while Theresa was at work, Ed Campbell claims he saw Schuknecht sitting in the Suzuki parked in front of Theresa's home. Campbell called Theresa who, in turn, called YPD Captain Schneider to report the possible protective order violation. Captain Schneider instructed Lt. Finch to follow up with Theresa and Campbell. Finch called Theresa who informed him that Schuknecht likely had a house key from their daughter's key ring and that he would have expected no one to be at the house at that time. Theresa also told Finch that her daughter had mentioned Schuknecht was planning on retrieving some items from the home. Lt. Finch headed to the home to speak with Campbell and asked Sergeant Lloyd George to meet him there. Campbell told the officers that he recognized the car because he had seen it almost every day for the past year, it had a unique dent, and it was filled with items he had helped load into the car the night before. Campbell may have reported he could not see the face of the person in the Suzuki because the individual was pretending to be on his phone in order to shield his face. He did indicate the individual in the car had the same build as Schuknecht and was wearing a green military style jacket and a baseball cap. The parties dispute what

**ORDER GRANTING SUMMARY JUDGMENT** ~ 2

level of certainty in the identification Campbell conveyed to the officers. Defendants assert Campbell reported he was "positive" the person in the Suzuki was Schuknecht and that he armed himself based on that belief. Plaintiff, however, claims the officers could not have been told by Campbell that he was "positive" the man in the car was Schuknecht because in an Answer in a separate lawsuit, Campbell declared he told the officer he "couldn't be 100% certain" because he could not see the driver's face.

After interviewing Campbell, the officers reviewed the protective order, and confirmed that it prohibited Schuknecht from being within 1000 feet of the residence. Lt. Finch called Schuknecht and arranged for him to come into the police department. After the officers informed Schuknecht of the allegation that he violated the protection order, he grew upset and denied the accusation, claiming that Campbell had falsified the information because of Campbell's relationship with Theresa. Schuknecht also told the officers that he had slept in that morning, was on his computer at the time alleged and that a neighbor would verify that the Suzuki had not moved that morning. The Officers read Schuknecht Miranda warnings and arrested him.

Schuknecht filed suit against Lt. Finch, Sgt. George, and the City of Yakima alleging malicious prosecution and false arrest under 42 U.S.C. § 1983 and Washington state common law, unlawful civil conspiracy, outrage, conspiracy to deprive due process under § 1983, municipal liability under § 1983, and negligence under Washington state common law.

### *Motion Standard*

Summary judgment is appropriate if the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (citing Fed. R. Civ. P. 56(c)). There is no genuine issue for trial unless

**ORDER GRANTING SUMMARY JUDGMENT** ~ 3

there is sufficient evidence favoring the nonmoving party for a jury to return a verdict in that party's favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). The moving party has the burden of showing the absence of a genuine issue of fact for trial. *Celotex*, 477 U.S. at 325.

In addition to showing that there are no questions of material fact, the moving party must show that it is entitled to judgment as a matter of law. *Smith v. Univ. of Wash. Law Sch.*, 233 F.3d 1188, 1193 (9th Cir. 2000). The moving party is entitled to judgment as a matter of law if the non-moving party has failed to make a sufficient showing on an essential element of a claim on which the non-moving party has the burden of proof. *Celotex*, 477 U.S. at 323. The non-moving party cannot rely on conclusory allegations alone to create an issue of material fact. *Hansen v. United States*, 7 F.3d 137, 138 (9th Cir. 1993).

When considering a motion for summary judgment, a court may neither weigh the evidence nor assess credibility; instead, "[t]he evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Anderson*, 477 U.S. at 255.

### *Analysis*

Schuknecht has stipulated he is no longer pursuing claims for malicious prosecution under 42 U.S.C. § 1983 and Washington common law, unlawful civil conspiracy, and outrage. Plaintiff is still pursuing claims of false arrest under § 1983 and Washington common law, conspiracy to deprive due process under § 1983, municipal liability under § 1983, and negligence under Washington state common law. Defendants seek summary judgment on all claims.

### *False Arrest*

To prove a claim of false arrest, Schuknecht must show he was arrested without lawful authority, or without probable cause. *See Michigan v. Summers*, 452 U.S. 692, 700 (1981); *Cabrera v. City of Huntington Park*, 159 F.3d 374, 380 (9th Cir. 1998); *Hanson v. City of Snohomish*, 121 Wn.2d 552, 556 (1993).

**ORDER GRANTING SUMMARY JUDGMENT** ~ 4

1 Probable cause exists when in the totality of the circumstances within an officer's
2 knowledge would cause a reasonably prudent person to believe that a crime has
3 been, or is currently, being committed. *Lassiter v. City of Bremerton*, 556 F.3d
4 1049, 1053. Probable cause is measured at the moment of the arrest and is not
5 subject to post facto evidence or investigation. *See United States v. Jensen*, 425
6 F.3d 698, 704 (9th Cir. 2005). Under Washington state law, a police officer must
7 arrest a person when the officer has probable cause to believe the individual has
8 violated the terms of a protective order. RCW 10.31.100(2)(a). Additionally, an
9 officer is not generally required to continue investigating once he has probable
10 cause to arrest. *Ewing v. City of Stockton*, 588 F.3d 1218, 1227 (9th Cir. 2009).

11     Accordingly, the controlling question for Schuknecht's false arrest claim is
12 whether, construing the facts in the light most favorable to Schuknecht, Lt. Finch
13 and Sgt. George had knowledge of facts and circumstances sufficient to cause a
14 reasonably prudent person to believe Schuknecht had violated the protective order.
15 For the reasons set forth below, the Court finds that the officers had probable
16 cause to arrest Schuknecht.

17     It is not disputed that Theresa told Lt. Finch that Schuknecht had their
18 daughter's keys and explained reasons why Schuknecht may have been going to
19 the house. It is also undisputed that Campbell told Lt. Finch and Sgt. George that
20 he was certain the car in front of the house on 66th Avenue was Schuknecht's and
21 Theresa's daughter's car, he saw items in the back of the car he had helped load
22 the previous day, he recognized a distinctive dent on the vehicle, the driver had a
23 similar build to Schuknecht, and that he was convinced enough it was Schuknecht
24 that he armed himself. Campbell may have told the officers that he was not "100%
25 positive" it was Schuknecht because the driver obscured his face with his arm,
26 however, he also deduced it "must be" Schuknecht and told the officers such.

27     Plaintiff insists the officers lacked the requisite probable cause to arrest him
28 because Campbell was not 100% positive the driver was Schuknecht because he

**ORDER GRANTING SUMMARY JUDGMENT** ~ 5

could not see his face, the officers suggestively interrogated Campbell to encourage him to say he was positive it was Schuknecht, and because Campbell's and Theresa's statements to the officers were unreliable.

Whether Campbell told Lt. Finch and Sgt. George he was 100% positive the driver was Schuknecht or that it "must be" Schuknecht based on the car and build of the driver—while relevant—simply does not defeat probable cause. Probable cause is a fluid concept that deals with probabilities, not certainties. *Illinois v. Gates*, 462 U.S. 213, 232 (1983). Probable cause may also rely on hearsay and other information, even when hastily obtained. *Hart v. Parks*, 450 F.3d 1059, 1066 (9th Cir. 2006).

In this case, Theresa provided Lt. Finch reasons why Schuknecht may have gone to the house and told Lt. Finch that Schuknecht was in possession of the Suzuki. Campbell told Lt. Finch that he saw the Suzuki, was positive it was the one in Schuknecht's possession, and that the driver's build resembled that of Schuknecht. Assuming the Officers found Theresa and Campbell credible, the information they provided created substantial reason for the officers to believe Schuknecht had violated the protection order by coming within 1000 feet of Theresa's residence. Essentially, the officers had the statements of Theresa and Campbell, which indicated Schuknecht violated the order, and Schuknecht's denials. Officers are allowed latitude in determining when to credit witness' statements or denials. *See McSherry v. City of Long Beach*, 584 F.3d 1129, 1135 (9th Cir. 2009). Other than Schuknecht's accusation that Campbell was lying because of Campbell's relationship with Theresa, there is no evidence presented that indicates any reason for the officers to find Campbell's statement not credible. The officers were familiar with the events that led to the Protective Order being entered, and were familiar with Schuknecht. There is nothing in the record that would allow this Court to doubt Lt. Finch's and Sgt. George's determination to

**ORDER GRANTING SUMMARY JUDGMENT** ~ 6

credit Campbell's and Theresa's statements over Schuknecht's denials—even when viewing the evidence in the light most favorable to Schuknecht.

Schuknecht cites case law that holds mere resemblance to a general description of a suspect is not adequate for probable cause. *See Torres v. City of Los Angeles*, 548 F.3d 1197, 1208 (9th Cir. 2008). That holding, however, is inapposite here. Campbell's identification of Schuknecht was not based merely on the resemblance of the driver to Schuknecht but instead was based on several factors including the car which Campbell knew to be in Schuknecht's possession. Furthermore, recognizing a person with which one is personally familiar with is incomparable to a law enforcement officer arresting someone for matching the vague description of "young, Mexican male." *Id*.

Additionally, Schuknecht's allegation that Sgt. George's interaction with Campbell was "suggestive" to the point it defeats probable cause is unsubstantiated. The claim that the questioning was suggestive stems from one line in Sgt. George's report which states "I again asked Mr. Campbell if he was positive that the occupant of the vehicle was Rick Schucknecht [sic]." Although the report does not indicate if there was a first time that question was posed, such inference must be drawn at this stage because Schuknecht is the non-movant. Yet, even twice asking a witness if he was positive the driver of the Suzuki was the person the witness had already identified as someone he personally knew, would not be suggestive. The Court of Appeals case Schuknecht cites in support of the suggestiveness argument involved law enforcement devising a photo lineup that included five Hispanic males and one Caucasian male—the defendant. *Grant v. City of Long Beach*, 315 F.3d 1081, 1087 (9th Cir. 2002). The situation in this case is wholly distinct from a pre-identification suggestive lineup, and the record—even viewed in a light most favorable to Schuknecht—does not support any claim that Campbell's identification of the plaintiff was based on suggestive interrogation.

**ORDER GRANTING SUMMARY JUDGMENT** ~ 7

Even under Plaintiff's theory of the events, Lt. Finch and Sgt. George had sufficient probable cause to effectuate the arrest of Schuknecht. Accordingly, Defendants' motion for summary judgment on the false arrest claim is granted.

*Conspiracy to Deprive Due Process*

Schuknecht also alleges Defendants conspired to deprive him of due process under 42 U.S.C. § 1983. Such a claim requires a showing of (1) an agreement or meeting of minds to (2) violate plaintiff's constitutional rights. *Woodrum v. Woodward County*, 866 F.2d 1121, 1126 (9th Cir. 1989). Here, Schuknecht has only pleaded vague conclusory allegations and has not alleged any facts that support finding the existence of a conspiracy. This is insufficient to survive summary judgment. *See Zichko v. Idaho Dept. of Health, Educ. & Welfare*, 24 F.3d 252 (9th Cir. 1994); *Mosher v. Saalfeld*, 589 F.2d 438, 441 (9th Cir. 1978). Additionally, Schuknecht failed to respond to arguments for summary judgment on this claim. Therefore, summary dismissal of the conspiracy to deprive due process claim is warranted.

*Municipal Liability*

Schuknecht also alleges municipal liability against the City of Yakima under a *Monell* theory of liability. *See Monell v. Dept. of Soc. Servs. of City of New York*, 436 U.S. 658 (1978). Because the Court finds no underlying constitutional violation occurred, and because Plaintiff alleges no policy or practice maintained by the City of Yakima or decision by qualified decision-maker that deprived Schuknecht of his constitutional rights, the Court grants Defendants' motion for summary judgment on the municipal liability claim.

Plaintiff's expert—whose report was not filed in support of Plaintiff's opposition to summary judgment—alleges that Lt. Finch and Sgt. George violated YPD policies, which, if true, counters Schuknecht's claim for municipal liability. *See City of St. Louis v. Praprotnik*, 485 U.S. 112, 121 (1988). Plaintiff's expert also claims the City of Yakima "ratified Defendants [sic] arrest and incarceration

**ORDER GRANTING SUMMARY JUDGMENT** ~ 8

of Mr. Schuknecht by failing to take remedial steps to investigate the Defendants [sic] actions once it was discovered that the arrest and incarceration were not based on due diligence and probable cause did not exist." As previously noted, probable cause did exist for the arrest. Additionally, the Plaintiff does not identify what such remedial steps would be and how failing to take such steps constitutes a deliberate policy, custom or practice that led to a constitutional violation. Accordingly, Defendants' motion for summary judgment is granted as to the municipal liability claim.

*Negligence*

Schuknecht's complaint includes allegations of negligence against all defendants. The complaint states the City of Yakima failed to fulfill its duty to exercise appropriate supervision of its police officers and that Lt. Finch and Sgt. George failed to exercise reasonable care during their contact with Schuknecht. The complaint merely recites the elements of a general negligence claim and does not describe what duties were breached by the defendants with any specificity. Additionally, Schuknecht failed to respond to Defendants' motion for summary judgment with regards to the negligence claim. Accordingly, Defendants' motion for summary dismissal of the negligence claims against the City of Yakima, Lt. Finch and Sgt. George is granted.

*Qualified Immunity*

Defendants raise a qualified immunity defense. Qualified immunity protects a law enforcement officer from liability under § 1983 when a reasonable officer would have believed his actions that resulted in a constitutional violation were lawful in light of clearly established law. *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982); *Anderson v. Creighton*, 483 U.S. 635, 639 (1987). Because the Court finds there was probable cause for Schuknecht's arrest, and therefore no constitutional violation, qualified immunity analysis is unnecessary.

//

**ORDER GRANTING SUMMARY JUDGMENT** ~ 9

*Conclusion*

Even when viewing the facts in the light most favorable to Schuknecht, Lt. Finch and Sgt. George had probable cause to arrest Schuknecht and Defendants are entitled to summary judgment of the false arrest claim. Schuknecht has also failed to present any genuine issue of material fact with regard to the conspiracy to deprive due process, municipal liability, or negligence claims. Defendants' motion for summary judgment is granted in full.

Accordingly, **IT IS HEREBY ORDERED:**

1. Defendants' Motion for Summary Judgment, ECF No. 24, is **GRANTED**.

2. All other pending motions are **DENIED AS MOOT**.

3. All previously set court dates, including the trial date, are **STRICKEN**

**IT IS SO ORDERED.** The District Court Clerk is hereby directed to enter this Order, provide copies to counsel and **close the file**.

**DATED** this 8th day of May 2015.



Stanley A. Bastian
United States District Judge

**ORDER GRANTING SUMMARY JUDGMENT** ~ 10